UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHELLY R. MADOLE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV 10-6522 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits. On September 23, 2010 and October 1, 2010, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order entered on September 8, 2010, on May 23, 2011, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on March 18, 2011, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

///
///
///

# PROCEDURAL HISTORY

On January 2, 2008, plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). ALJ Robert A. Evans held a hearing on May 12, 2009. Plaintiff appeared with counsel and testified at the hearing.

On September 8, 2009, the ALJ issued a decision denying benefits. Plaintiff sought review of the decision before the Social Security Administration Appeals Council. The Appeals Council denied plaintiff's request for review on July 2, 2010.

Plaintiff filed her complaint herein on September 7, 2010.

# CONTENTIONS

Plaintiff raises a single issue in this action:

1. Whether the ALJ properly considered plaintiff's testimony.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.,* 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452

(9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

**DISCUSSION**

1. <u>Whether the ALJ properly considered plaintiff's testimony.</u>

A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . ." (the *Cotton* test). *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (internal quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, an ALJ may only reject a claimant's allegations upon: (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

The following factors may be considered in weighing the claimant's credibility in the absence of evidence of malingering: (1) his reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). The ALJ may also use "ordinary techniques of credibility evaluation." *Thomas*, 278 F.3d at 960. "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.*; *Benton*, 331 F.3d at 1041. The ALJ's credibility determination is entitled to deference

3

if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted); *see also Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (ALJ must "point to specific facts in the record which demonstrate that [the claimant] is in less pain than she claims").

Here, the ALJ found "that the [plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 13.) Therefore, in the absence of any evidence of malingering, the ALJ was required to provide clear and convincing reasons to reject plaintiff's subjective complaints.

The ALJ's analysis of plaintiff's credibility consisted of: (1) stating that plaintiff's allegations "are not credible"; (2) reciting plaintiff's allegations; (3) stating that the objective medical evidence supported the residual functional capacity found by the ALJ; (4) reviewing the medical evidence; and (5) stating that plaintiff's allegations "are not credible to the extent they are inconsistent with [the residual functional capacity found by the ALJ]." (AR 11-13.)

Although the ALJ made no attempt to correlate any of the medical evidence with plaintiff's allegations, the Court assumes that the ALJ's recitation of opinions by various physicians that plaintiff was limited to sedentary work was intended to indicate that plaintiff's contention that her pain did not permit even sedentary work was not supported by the medical evidence.

However, once the ALJ finds that medically determinable impairments could reasonably be expected to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell*, 947 F.2d at 345; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain . . . , a finding that the claimant lacks credibility cannot be premised wholly on a lack of

4

medical support for the severity of his pain") (internal citation omitted); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying *Bunnell* to subjective physical complaints).

This rule has developed because pain, being a subjective phenomenon, defies objective measurement. *See, e.g., Gonzales v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("it is the very nature of excess pain to be out of proportion to the medical evidence"). Thus, having found that plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms," the ALJ could not premise the rejection of plaintiff's testimony solely on the lack of medical support. *See Light*, 119 F.3d at 792.

Conceding that the ALJ only relied on medical evidence to discredit plaintiff, defendant contends that a distinction should be made between lack of medical evidence supporting a plaintiff's claim and medical evidence that is inconsistent with plaintiff's allegations. Defendant contends that here the medical evidence is inconsistent with plaintiff's allegations and that by describing such evidence the ALJ provided a clear and convincing reason for discrediting plaintiff.

The authority cited by defendant does not support the distinction. In all the cases cited by defendant the ALJ had relied on a number of factors, only one of which was the lack of medical support. Moreover, even if the distinction made by defendant could be applicable in some fact situations, it clearly is not applicable here. The only "inconsistency," as opposed to lack of support, in the medical record with plaintiff's allegations is that various physicians opined that plaintiff could perform sedentary work. If a physician's opinion that differed with a plaintiff's subjective complaints was all that was required to discredit the plaintiff, the rule prohibiting an ALJ from relying solely on the medical evidence to discredit a plaintiff (once a medical basis was found for the presence but not the alleged severity of the symptoms) would be meaningless.

/ / /

Therefore, the Court concludes that the ALJ failed to properly assess plaintiff's credibility.

The Court has considered plaintiff's request that the Court either remand for payment of benefits or at least credit plaintiff's testimony as truthful for the purposes of remand. However, given the record as a whole, which does not clearly demonstrate that, if believed, plaintiff definitely would be entitled to benefits and which contains evidence supporting as well as contradicting plaintiff's statements, the Court finds it inappropriate to impose a requirement that on remand plaintiff's testimony be accepted as truthful. Therefore, remand is required to allow the ALJ to assess plaintiff's credibility properly.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is reversed and remanded for further proceedings.

**IT IS SO ORDERED.**


DATED: June 29, 2011

                                        /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                       United States Magistrate Judge